CASSELS et al. v. DAVIS. (Circuit Court of Appeals, Fifth Circuit. April 6, 1917. Rehearing Denied April 28, 1917.) No. 2848. Appeal from the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge. Suit by Harwell G. Davis, as trustee in bankruptcy of Thomas M. Cassels, against Thomas M. Cassels and others. Decree for complainant (220 Fed. 958), and defendants appeal. Affirmed. W. P. Acker, of Anniston, Ala., and Woodson J. Martin, of Gadsden, Ala., for appellants. Amos E. Goodhue and O. R. Hood, both of Gadsden, Ala. (W. J. Boykin and Goodhue & Brindley, all of Gadsden, Ala., on the brief), for appellee.

PER CURIAM. An examination of the record in this case in the light of the arguments of counsel has led the majority of the court to the conclusion that it does not show the commission of any reversible error. We think that the propriety of the decree appealed from is sufficiently shown by the

opinion rendered by the District Judge.  Davis v. Cassels, 220 Fed. 958.  That decree is affirmed.

PARDEE, Circuit Judge (dissenting).  The decree of the court takes from Mrs. Ida B. Cassels, wife of the bankrupt, so adjudicated in 1913, the homestead property which was purchased from her husband in 1906, then fully solvent, for a full money consideration, and of which she has been in continuous possession, on the theory that she was then in collusion with her husband, who was perfectly solvent, in a general scheme to defraud after-acquired creditors.  The District Judge, in his opinion filed in the case, found as to the sufficiency of Mrs. Cassels' title as against creditors, as follows: "As I see it, the plaintiff has not made out a case as to any one of the assailed transactions, upon the theory that the conveyances were voluntary and voidable as to existing creditors and assailable for that reason by the trustee as the representative of existing creditors.  From the evidence, as I construe it, no one of the conveyances was made after the debts now represented by the trustee were incurred, unless it be the conveyance of the home place as to the debt of Strater Bros.  It appears that their claim had accrued but had not been reduced to judgment prior to October 24, 1906, the date of the bankrupt's conveyance of the home place to his wife.  I think, however, that the preponderance of the evidence shows that there was a consideration moving to the bankrupt from his wife's father to all but possibly $200 of that recited to have been actually paid.  The fact, if it be a fact, that the $200 recited to have been paid in money, was the money of the bankrupt, and not that of his wife, should not operate, as I see it, to destroy the conveyance in its entirety, but only to give the trustee and interest to that extent in the transferred property."  The evidence as to Mrs. Cassels' knowledge of or participation in any scheme her husband may have had to defraud any creditors consists of the fact that she was a trusting and docile wife, and signed her name in other transactions whenever and wherever her husband advised her.  There is no evidence warranting the confiscation of her property lawfully acquired and duly recorded as against existing creditors of her husband, as shown by the above extract from the opinion of the District Court, fully approved by the decree of affirmance.